■ BENDERSON DEVELOPMENT COMPANY, INC., Respondent-Appellant, v CHARLOTTE PODD et al., Individually and as Executors of TED PODD, Deceased, Appellants-Respondents, et al., Defendant. [661 NYS2d 817] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of Charlotte Podd and Karen Podd (defendants) for summary judgment dismissing the complaint against them, which alleges slander of title and defamation. Defendants met their initial burden, and plaintiff failed to raise an issue of fact whether the communication in this lease dispute constituted slander of title or defamation (*see, Curry v Roman*, 217 AD2d 314, 319-320, *lv denied* 88 NY2d 804). Plaintiff contends that defendants disparaged plaintiff's title to the lease by publishing a statement that the lease had terminated because plaintiff failed to respond within 60 days after receiving notice that it had breached the lease. Ironically, plaintiff contends that the notice was false, i.e., the lease had not terminated, because defendants failed to give the requisite notice of the alleged breach to the mortgagee, the very entity to which the alleged statement was communicated. We need not determine whether the standards of common-law malice or constitutional (i.e., actual) malice apply to this case because plaintiff established neither (*see, Harte-Hanks Communications v Connaughton*, 491 US 657, 666; *Dun & Bradstreet v Greenmoss Bldrs.*, 472 US 749, 763; *Prozeralik v Capital Cities Communications*, 82 NY2d 466, 474). There is no showing that the statement at issue was made with "ill will or 'malice' in the ordinary sense of the

term" (*Harte-Hanks Communications v Connaughton, supra*, at 666).

Thus, we modify the order by granting defendants' motion for summary judgment dismissing the complaint against them. (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.